IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DR. ROBERT M. LAVINSKY,** | § § § | |
| Plaintiff, | § § | |
| v. | § § § | |
| **UNITED STATES, ON BEHALF OF ITS AGENCIES U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AND HOMELAND SECURITY INVESTIGATIONS,** | § § § § § § § § | CASE NO. 4:25-cv-703 |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

Plaintiff Dr. Robert M. Lavinsky files this Complaint and Request for Declaratory Judgment against Defendant United States, on behalf of its agencies U.S. Immigration and Customs Enforcement ("ICE") and Homeland Security Investigations ("HSI") (collectively, the "Government"), alleging the following pursuant to 28 U.S.C. §§ 2201 and 2202, 5 U.S.C. §§ 702 *et seq.*, and Federal Rule of Civil Procedure 57:

## I.   JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction of this controversy by virtue of the provisions of Federal Rule of Civil Procedure 57 and pursuant to 5 U.S.C. §§ 702, *et seq.* and 28 U.S.C. §§ 2202, 1331.

2. Venue is proper under 28 U.S.C. § 1355(b)(1), 1391(e)(1), and 1395 because the Fossilized Tyrannosaurus Bataar Skull at issue is located in this district and demand for forfeiture was made against a resident in this district and related acts giving rise to the forfeiture occurred in this district.

## II.   STANDING AND WAIVER OF SOVEREIGN IMMUNITY

3. Plaintiff has standing to bring this action under Article III of the Constitution. The Government's demand for forfeiture of Plaintiff's personal property constitutes a concrete and particularized injury. This asserted claim on the property places a cloud on Plaintiff's title, directly preventing Plaintiff from selling, donating, or transferring his personal property with clear title. Plaintiff's injury is directly traceable to the challenged action of the Government. A favorable decision from this Court would redress Plaintiff's injury.

4. The Government's sovereign immunity is unequivocally waived for this action under 5 U.S.C. §§ 702 *et seq.*, as Plaintiff seeks only declaratory and injunctive relief, not monetary damages, to remedy legal wrongs caused by federal agency actions and no other adequate remedy is available. The Government's forfeiture demand constitutes a final agency action under 5 U.S.C. § 704, representing the consummation of the Government's decision-making process and from which direct legal consequences flow. As such, this Court's review under 5 U.S.C. § 702 is proper.

## III.   PARTIES

5. Plaintiff Dr. Robert M. Lavinsky is an individual residing in Richardson, Texas and the owner of the Fossilized Tyrannosaurus Bataar Skull at issue.

6. The United States is the named defendant on behalf of its agencies U.S. Immigration and Customs Enforcement and Homeland Security Investigations.

7. U.S. Immigration and Customs Enforcement ("ICE") is the federal agency responsible for, among other things, detecting and dismantling cross-border criminal activity and managing its operational directorates, including Homeland Security Investigations.

8. Defendant Homeland Security Investigations ("HSI") is the principal investigative component of the U.S. Department of Homeland Security and operational directorate of ICE, and

is responsible for, among other things, investigating the illegal movement of goods into, out of, and through the United States.

## IV. STATEMENT OF FACTS

### A. The 2012 Government Investigation

9. Plaintiff's property, One Fossilized Tyrannosaurus Bataar Skull (the "Bataar Skull") is a pre-historic artifact of a species of dinosaur closely related to the T. Rex that lived in Mongolia approximately seventy million years ago. Fossils and other pre-historic objects from Mongolia have long been openly advertised for sale in numerous catalogs, stores, and auction houses throughout the United States.

10. For instance, the Bataar Skull had been on public display and for sale at the Tucson Gem & Mineral and Fossil Show where it was purchased by Dr. Robert M. Lavinsky ("Dr. Lavinsky") from a dealer's public seller venue in February 2005. Prior to Dr. Lavinsky's purchase, the Bataar Skull had been previously up for sale at Guernsey's auction house with both online and print catalogs in 2004. Currently, the Bataar Skull is owned by Dr. Lavinsky and located in a secure storage unit in Texas.

11. Upon information and belief, nearly thirteen years ago, on June 15, 2012, the Government received information regarding a Bataar skull on display at By Nature Gallery, Inc. ("BNG"), a retail store with locations in several states, by Rebecca Watters ("Watters") via a "Tip Line." BNG was owned in equal shares by John Richard Rolater ("Rolater"), Francis Rolater, and Dr. James Godwin ("Dr. Godwin"). By June 21, 2012, the Government initiated a formal investigation—HSI Case Number WC08WR12WC0001.

12. On or around June 25, 2012, the Government served Rolater with a Customs Summons, demanding the production of records related to the importation of fossils into the United

States. During an interview with the Government, Rolater stated that BNG had sold five or six Bataar skulls. On July 18, 2012, BNG and Rolater, through Counsel, emailed documents responsive to the Customs Summons to the Government (the "July 2012 Production"). The July 2012 Production comprised of various documents and records for nine fossils, including a Bataar skull owned by Dr. Godwin, and an appraisal of Dr. Lavinsky's Bataar Skull.

13. At this point, the Government had received specific information regarding both Dr. Godwin's skull and Dr. Lavinsky's skull.

**B.    Dr. Lavinsky's Bataar Skull**

14. On March 27, 2014, Dr. Lavinsky received a letter from Defendants regarding his possession of the Bataar Skull and demanding he relinquish the skull and forfeit all rights to the alleged stolen property. The Letter from HSI regarding Possession of Smuggled Paleontological Artifacts is attached hereto as Exhibit A.

15. According to Defendants, "[u]nder U.S. law, generally, paleontological artifacts of Mongolian origin are considered to be stolen property and vertebrate paleontological artifacts of Chinese origin are considered to be stolen property." *See* Ex. A, *Letter from HSI Re: Possession of Smuggled Paleontological Artifacts*.

16. Specifically, the letter states that Defendants determined Dr. Lavinsky "imported or caused to be imported, and/or purchased, obtained, or otherwise acquired one or more prohibited fossils of Chinese or Mongolian origin that were imported into the United States in violation of law." *Id*. The letter further threatened that the Government "will initiate legal action to compel the production of and/or seizure and forfeiture of" the Bataar Skull. *Id*.

17. The Government's 2014 letter, a veiled threat of litigation regarding the Bataar Skull, effectively froze Dr. Lavinsky's ownership rights. As a result of the 2014 letter, Dr.

Lavinsky's ownership of the Bataar Skull has remained under an indefinite cloud of potential legal action, forcing him to indefinitely shelve his personal property for fear of government seizure and retribution.

18. For over a decade, the Government has maintained the oppressive threat yet taken no action to allow Dr. Lavinsky to prove the validity of his ownership. As a result, Dr. Lavinsky's right and ability to transfer the Bataar Skull remains clouded.

19. Presently, Dr. Lavinsky would like to donate the Bataar Skull to the Wyoming Dinosaur Center & Dig Sites located in Thermopolis, Wyoming; however, he fears that this may trigger the Government to suddenly assert a claim and attempt to seize the fossil. Dr. Lavinsky seeks to establish clear and unencumbered ownership of the Bataar Skull, ensuring free and clear title prior to any donation.

20. Dr. Lavinsky now seeks a declaratory judgment that the Government cannot now, after ten years of inaction, suddenly resurrect a claim they deliberately allowed to languish.

C.  **Seizure of Dr. Godwin's Skull and Forfeiture Proceeding**

21. On July 12, 2013, the Government obtained a warrant for the seizure of Dr. Godwin's Bataar skull. The Government interviewed Dr. Godwin and seized the Bataar Skull from his personal residence in Wichita Falls, Texas, on July 23, 2013.

22. On September 18, 2013, the Government sent Dr. Godwin, via counsel, a Notice of Seizure and Information to Claimants Form AF ("Notice of Seizure"). Dr. Godwin responded to the Notice of Seizure by filing a Claim of Interest, requesting that the Government send his case to court. On or around October 16, 2013, the Government acknowledged receipt of Dr. Godwin's claim.

23. On August 1, 2017, more than five years after being provided with Dr. Godwin's

name, personal identifying information, and information sufficient to evidence his ownership of a Bataar Skull as part of the July 2012 Production, the Government filed a complaint for civil forfeiture under 19 U.S.C. § 1595(a). *See United States v. One Fossilized Tyrannosaurus Bataar Skull*, No. 7:17-CV-106, Northern District of Texas—Wichita Falls Division, August 1, 2017.

24. As part of that proceeding, Dr. Godwin filed a motion for summary judgment asserting that the Government's complaint was commenced outside the applicable statute of limitations periods. On November 26, 2018, the Court granted summary judgment to Dr. Godwin on the basis of the statute of limitations and denied the Government's complaint and request for a final order of forfeiture (the "Court's Order"). See <u>Ex. B</u>, *The Court's Order*.

25. Notably, the Court adopted the "known or should have known" standard for the running of 5-year statute of limitations under 19 U.S.C. § 1621 for civil forfeiture claims. Applying this standard, the Court found that the Government discovered facts showing Dr. Godwin's Bataar skull existed in the United States and was in Dr. Godwin's possession when it received the July 2012 Production. Therefore, the Government discovered the offense, and the statute of limitations began to run, when the Government received the July 2012 Production. The Government failed to timely file its request for forfeiture.

26. The Court's findings of fact and conclusions of law are directly applicable to the Bataar Skull at issue here and support this Request for Declaratory Judgment.

### CAUSE I – DECLARATORY JUDGMENT

27. Plaintiff brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202. The purpose of the Federal Declaratory Judgment Act is to provide an immediate forum for the adjudication of rights and obligations in actual controversy where such controversy may be settled in its entirety and with expediency and

economy. *See* 28 U.S.C. §§ 2201 and 2202. A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Sherwin-Williams Co. v. Holmes Cnty.*, 343 F.3d 383, 397 (5th Cir. 2003).

28. Dr. Lavinsky intends to donate the Bataar Skull to the Wyoming Dinosaur Center & Dig Sites for display in its museum. However, he fears that any effort to transfer or donate the fossil will trigger the Government to assert a claim and attempt to seize it, despite their inaction over the past decade. Further, the museum will not accept Plaintiff's donation while ownership remains unclear and clouded by the Government's demand. Dr. Lavinsky seeks to establish clear and unencumbered ownership of the Bataar Skull to ensure free and clear title prior to any transfer or donation.

29. In the instant case, a declaratory judgment is proper to affirm that the statute of limitations has expired for the Government to assert any civil forfeiture claims against the Bataar Skull. Such a declaration will resolve any uncertainty with respect to the Government's standing to seize the Bataar Skull, provide clarity regarding clear title and ownership of the Bataar Skull, and prevent any future legal action by the Government to seize and demand the forfeiture of the Bataar Skull.

30. The Court Order established that the Government knew or should have known about the existence of the alleged offense when it received the July 18 Production. Moreover, it is unmistakable that the Government knew of the existence of the alleged offense when it sent the demand letter on March 27, 2014. Under 19 U.S.C. § 1621, the 5-year statute of limitations expired no later than March 27, 2019. The expiration of the applicable statute of limitations effectively bars any further pursuit of this matter, regardless of the Government's earlier intentions.

31. Therefore, and for the reasons set forth hereinbelow, Dr. Robert M. Lavinsky

respectfully requests that the Court declare that the Government has no interest in the Bataar Skull or right to pursue civil forfeiture claims, and that Dr. Lavinsky has clean and clear title to the Bataar Skull.

## V.  PRAYER

WHEREFORE, Plaintiff Dr. Robert M. Lavinsky requests that the Court declare that the Government is barred by the statute of limitations to pursue any forfeiture claims of Dr. Lavinsky's Bataar Skull and declare that Dr. Lavinsky has unencumbered ownership and clear title of the Bataar Skull, and for all such other and further relief, at law and in equity, to which he must be justly entitled.

Date: July 2, 2025

Respectfully submitted,

*/s/ Cari B. LaSala*
Michael A. Villa, Jr.
State Bar No. 24051475
mvilla@meadowscollier.com
Cari B. LaSala
State Bar No. 24087890
clasala@meadowscollier.com
Julianna M. Infanzón
jinfanzon@meadowscollier.com
State Bar No. 24125632

**MEADOWS, COLLIER, REED,
COUSINS, CROUCH & UNGERMAN, L.L.P.**
901 Main Street, Suite 3700
Dallas, Texas 75202
Telephone (214) 744-3700
Facsimile (214) 747-3732

**ATTORNEYS FOR PLAINTIFF**