# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 7:17-cv-00106-O |
| § | |
| ONE FOSSILIZED TYRANNOSAURUS § | |
| BATAAR SKULL, § | |
| § | |
| Defendant-in-rem. § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

This in rem action concerns Defendant One Fossilized Tyrannosaurus Bataar Skull (the "Bataar Skull"), a skull fossil of the dinosaur species Tyrannosaurus Bataar, or Tarbosaurus Bataar, a close relative of the well-known Tyrannosaurus Rex. The United States seized the Defendant Bataar Skull and Claimant Dr. James Godwin asserted a claim to it. The Government filed a verified complaint for forfeiture and moved for summary judgment, asserting Dr. Godwin's claim fails as a matter of law. The Government's motion was granted in part. *See* Order, November 9, 2018, ECF No. 115. Concluding that fact issues existed concerning the timeliness of the Government's suit, this remaining issue required a trial.

The Court conducted a bench trial on this matter on November 20, 2018. The parties presented evidence concerning the statute of limitations. Accordingly, the Court sets out its Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52(a). The following findings and conclusions are based upon the pleadings, testimony, evidence, and exhibits admitted at trial. The Court has reviewed the record in its entirety and had the opportunity to observe the witnesses presented at trial to assess their credibility and weigh their testimony. The Court provides a clear understanding of the bases of its decision in accordance with the level of

1

detail required in this Circuit. *See Century Marine Inc. v. United States*, 153 F.3d 225, 231 (5th Cir. 1998).

I.   **FINDINGS OF FACT**

   A.   **Findings Related to Statute of Limitations Defense**

   1.   On or about June 15, 2012, the United States received a tip about a Bataar skull offered for sale at the By Nature Gallery in Jackson, Wyoming.

   2.   By Nature Gallery is owned by Richard Rolater ("Rolater"), Frances Rolater, and Dr. James Godwin ("Dr. Godwin").

   3.   On or about June 21, 2012, the United States initiated an investigation into By Nature Gallery and the fossils sold there.

   4.   On June 26, 2012, the United States interviewed By Nature Gallery employees and executed a seizure warrant for a Bataar skull located at the gallery.

   5.   That Bataar skull was the subject of the June 15, 2012 tip.

   6.   On June 26, 2012, the United States interviewed Rolater in Eagle, Colorado. During the interview, Rolater said that By Nature Gallery had sold five or six Bataar skulls. On the same day, the United States served Rolater with a customs summons which demanded he produce records relating to fossils imported into the United States.

   7.   On July 18, 2012, Rolater, through counsel, responded to the customs summons via email by providing responsive documents (the "July 18 production"). The Government confirmed receipt of the responsive documents that same day.

   8.   The email included 335 pages of responsive documents relating to nine different fossils. Ten of those documents related to Defendant Bataar Skull. Those ten pages included a photograph of a Bataar skull, a receipt from By Nature Gallery which listed Dr. James Godwin's

name, his Wichita Falls mailing address, a $190,000 price, and "Tyrannosaurus Bataar sku."[1] The documents also included an invoice for Defendant Bataar Skull from Fossilogic LLC with payment records, a receiving voucher indicating By Nature Gallery's receipt of the Bataar Skull, and emails relating to By Nature Gallery's original purchase of the Defendant Bataar Skull.

9. On July 20, 2012, Rolater's counsel spoke with the investigator for the United States, Special Agent James Hasskamp, over the phone in an effort the clarify the July 18 production. After the phone call, Rolater's counsel provided Agent Hasskamp with a typed list of nine bates ranges of documents within the production that referred to nine different fossils. The documents relating to Defendant Bataar Skull were included in the sixth range.

10. On July 30, 2012, Agent Hasskamp prepared a sworn affidavit identifying ten different Mongolian fossils, including Defendant Bataar Skull. The affidavit stated that the Government had probable cause to believe each of the fossils was stolen from Mongolia and illegally imported.

11. On August 1, 2012, Agent Hasskamp interviewed Rolater. At that interview, Rolater verified the information he provided in the July 18 document production.

12. On July 12, 2013, Agent Hasskamp obtained a warrant to seize Defendant Bataar Skull.

13. On July 23, 2013, Agent Hasskamp interviewed Dr. Godwin and seized the Defendant Bataar Skull from his residence in Wichita Falls.

14. On September 18, 2013, the United States sent Dr. Godwin's counsel a Notice of Seizure and Information to Claimants Form AF.

---

[1] At trial, Agent Hasskamp testified that he understood "Tyrannosaurus Bataar sku" to mean Tyrannosaurus Bataar skull.

15. On October 11, 2013, Dr. Godwin responded to the Notice of Seizure by filing a Claim of Interest and posting a $5,000 bond.

16. On or about October 16, 2013, the Government acknowledged receipt of Dr. Godwin's claim.

17. On August 1, 2017, the United States filed the Complaint for Forfeiture that initiated this proceeding.

## II.     CONCLUSIONS OF LAW

### A.     Statute of Limitations Legal Standard

The parties agree that civil forfeiture actions under 19 U.S.C. § 1595a are subject to the statute of limitations set forth in 19 U.S.C. § 1621. The parties also agree that the five-year limitations period provided in the statute, and not the alternative two-year period, controls this dispute. *See* 19 U.S.C. § 1621.  Under the five-year period set forth in 19 U.S.C. § 1621, "[n]o suit…shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered."[2]  The parties primarily disagree about when an offense is "discovered" under the statute.  The parties also disagree about the day—July 18, July 23, August 1, or some other date—the Government discovered the offense.

During trial, the Government argued that the statute of limitations in this case did not begin to run until Agent Hasskamp was aware—and then verified—that Dr. Godwin physically possessed the Defendant Bataar Skull fossil in Wichita Falls, Texas.  Claimant responded that the statute of limitations would be rendered moot under the Government's argument because the Government could perpetually delay investigation after receiving information giving rise to a claim by not confirming the information in its possession.  Instead, Claimant argued the Court

---

[2] A civil forfeiture action is commenced when the complaint is filed. *See United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 38 (5th Cir. 1992).

4

should take into consideration when the Government received information showing Defendant Bataar Skull in the United States.

In *Merck*, the Supreme Court examined the meaning of the word "discovery" in the statute of limitations context. *See Merck & Co., Inc. v. Reynolds*, 559 U.S. 633 (2010). The Supreme Court held that "'discovery' refers not only to a plaintiff's actual discovery of certain facts, but also to the facts that a reasonably diligent plaintiff would have discovered." *Id.* at 644. The Supreme Court then explained that when "legislators have written the word 'discovery' directly into the statute…state and federal courts have typically interpreted the word to refer not only to actual discovery but also to the hypothetical discovery of facts a reasonably diligent plaintiff would know." *Id.* at 645.

In *United States v. $515,060.42 in United States Currency*, the Sixth Circuit applied a similarly objective standard and held that the statute of limitations under 19 U.S.C. § 1621 "has been enforced according to a 'known or should have known' standard." 152 F. 3d 491, 502 (6th Cir. 1998) (citing *United States v. James Daniel Good Property*, 971 F.2d 1376, 1381 (9th Cir. 1992), *aff'd in part and rev'd in part on other grounds*, 510 U.S. 43 (1993)). The Sixth Circuit explained that the standard "is short-hand for the rule that an offense is discovered when the Government discovers or possesses the means to discover the alleged wrong, whichever occurs first." *Id.*

The Fifth Circuit has not directly addressed the meaning of discovery in 19 U.S.C. § 1621 but has applied the *Merck* standard to other statutes implicating the discovery rule. *See Mack v. Equable Ascent Financial, L.L.C.*, 748 F.3d 663, 666 (5th Cir. 2014) ("This accords with the general approach under the discovery rule that a limitations period begins to run when a claimant discovers the facts that give rise to a claim and not when a claimant discovers that those facts

constitute a legal violation."). Given the weight of precedent, the Court concludes the *Merck* interpretation of the word "discovery"—referring to an objective standard including facts a plaintiff actually discovered, as well as facts a reasonable diligent plaintiff would know—applies to 19 U.S.C. § 1621. Accordingly, the statute of limitations in this case began to run either when the Government actually discovered the facts constituting the offense or when a reasonably diligent Plaintiff would have discovered those facts.

    **B.    Application**

The Government agrees that 19 U.S.C. § 1595a was violated when Defendant Bataar Skull entered the United States and, therefore, the statute of limitations began to run when the Government was aware of the Bataar Skull in the United States.[3] On July 18, 2012, Agent Hasskamp received documents that revealed Defendant Bataar Skull's existence in the United States, its sale to Dr. Godwin, and even Dr. Godwin's location. At trial, Agent Hasskamp testified that upon receiving these documents, he was unsure whether the Defendant Bataar Skull was a genuine skull, and whether Dr. Godwin actually purchased it. The Government argued, therefore, that the statute of limitations did not begin to run until Rolater verified the genuine skull's location during the August 1, 2012 interview.

After receiving the July 18 production, Agent Hasskamp possessed the means to discover the alleged wrong. He also knew of the facts giving rise to this claim. *See Mack*, 748 F.3d at 666. He may have wanted to learn additional information, but as of that date he possessed information

---

[3] In its Brief in Support of Motion for Summary Judgment, the Government asserted that Defendant Bataar Skull violated 19 U.S.C. § 1595a because it was stolen and introduced into the United States contrary to law. Pl.'s Br. Supp. Mot. Summ. J. 33, ECF No. 50. The Government argued Defendant Bataar Skull was introduced contrary to law because simply bringing the fossil into the United States violated the National Stolen Property Act. *Id*. at 38. The Government argued the Defendant Bataar Skull was stolen because all Bataar skull fossils originate from Mongolia, and therefore a Bataar skull found in the United States must necessarily be stolen. *Id*. at 35–38.

demonstrating Dr. Godwin purchased Defendant Bataar Skull. That these documents were enough to discover this offense is corroborated by Agent Hasskamp's belief that the information established probable cause to seize various items, including Defendant Bataar Skull, and he prepared an affidavit in support of a search warrant to seize it.

The Court finds that the Government discovered facts showing Defendant Bataar Skull's existence in the United States, as well as facts showing Dr. Godwin's possession of it, when it received the July 18 production.[4] Further, a reasonably diligent Plaintiff certainly would have discovered facts giving rise to the 19 U.S.C. § 1595a violation after receiving this information. The Court therefore finds that the Government discovered the offense and the statute of limitations began to run when the Government received the July 18, 2012 document production. Even beyond this date, the Government surely knew of the offense when it prepared a search warrant affidavit to actually seize Defendant Bataar Skull on July 30, 2012. As the Government did not file this case until August 1, 2017, more than 5 years later, it failed to timely file this lawsuit.

Based on the foregoing, the Court finds that the Government's request for a final order of forfeiture for the Defendant Bataar Skull should be and is hereby **DENIED**.

**SO ORDERED** this **26th day** of **November, 2018**.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[4] The information provided by the July 18 production even satisfies the Government's proposed standard—that discovery occurs when the Government obtains "knowledge of" the offense. Pl.'s Br. Resp. Mot. Sum. J., ECF No. 59; *see United States v. Carrell*, 252 F.3d 1193, 1207–08 (11th Cir. 2001).

7